IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL MARTEZ JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-137-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

**I.**

**STATEMENT OF THE CASE**

On September 21, 2006, petitioner was charged by Complaint in Potter County, Texas, with the 1st degree felony offense of aggravated sexual assault of a child and two counts of the 2nd degree felony offense of indecency with a child by sexual contact in violation of sections 22.01(a)(2)(B) and 21.11(a)(1) of the Texas Penal Code respectively. *State v. Johnson*, No. 58384-Z. The Complaint, in three counts, alleged that petitioner, on or about May 26, 2006:

> Did then and there intentionally and knowingly cause the sexual organ of [the victim], a child who was then and there younger than 14 years of age, to contact the sexual organ of another person, namely, the defendant…[and]

> did then and there intentionally and knowingly cause the penetration of the female sexual organ of [the victim], a child who was then and there younger than 14 years of age, by the defendant's finger…[and]

> did then and there, with intent to arouse and gratify the sexual desire of the defendant, intentionally and knowingly engage in sexual contact with [the

victim] by touching the genitals of [the victim], a child younger 17 years of age and not the spouse of the defendant.

(ECF 13-15 at 4). On October 4, 2006, counsel was appointed to represent petitioner in said cause. (*Id.* at 7). On December 20, 2006, petitioner was charged by indictment with the same offense. *State v. Johnson*, No. 58384-Z. (*Id.* at 17).

On March 2, 2007, petitioner plead guilty to the aggravated sexual assault of a child charge, as well as to the two counts of indecency with a child by sexual contact. (*Id.* at 21-25). Petitioner was placed on deferred adjudication community supervision for ten years and assessed a fine of $2,500 for aggravated sexual assault (Count One) and indecency with a child by sexual contact (Counts Two and Three). (*Id.* at 30-32). Three years later, the State moved to proceed with an adjudication of guilt, but that motion was later dismissed. *See Johnson v. State*, No. 07-16-00392-CR, No. 07-16-00393-CR, No. 07-16-00394-CR, 2017 WL 1365705, at *1 (Tex. Civ. App.—Amarillo April 12, 2017, no pet.) (mem. op., not designated for publication). Then, on November 24, 2015, the State again moved to proceed with adjudication, alleging that petitioner violated six conditions of community supervision. (*Id.*; *see also* ECF 13-15 at 52-53).

As the Seventh Court of Appeals of Texas explained:

> At a hearing on the State's motion, [petitioner] pleaded not true to a new offense but pleaded true to the remaining allegations. After hearing testimony, the trial court found all allegations to be true and proceeded to hear punishment evidence. The trial court then pronounced [petitioner] guilty on all three counts and assessed a fifty-year sentence on Count One and twenty-year sentences on Counts Two and Three, with the three sentences to run consecutively. The trial court did not assess the fine originally assessed.

*See Johnson*, 2017 WL 1365705, at *1. On April 12, 2017, the state intermediate appellate court affirmed petitioner's convictions in a written opinion. (*Id.*; *see also* ECF 11-1 at 15-

20). Petitioner did not seek review of the affirmance of his conviction by filing a petition for discretionary review with the Texas Court of Criminal Appeals ("TTCA").

On March 19, 2018, petitioner purportedly placed a *pro se* state application for habeas corpus relief in the state prison mailing system. (ECF 13-27 at 21). By his state habeas application, petitioner alleged: (1) ineffective assistance of trial counsel that caused him to enter an involuntary guilty plea to an improper offense – specifically Count Two of the indictment; (2) ineffective assistance of trial counsel for failing to object to the State's closing argument that "improperly commented to the incorrect offense in Count Two of the indictment;" and (3) ineffective assistance of appellate counsel for filing an *Anders* brief and failing to raise the argument that Count Two of the indictment contained an "improper offense." (*See id.* at 11-15). On June 6, 2018, the TTCA denied petitioner's habeas application without written order. *Ex parte Johnson*, No. 85,705-02. (ECF 13-24).

On July 17, 2018, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system, such application being received and file-stamped by this Court on July 23, 2017. (ECF 3). On October 24, 2018, respondent filed an Answer to petitioner's application arguing that two of petitioner's claims are meritless, while the third is procedurally barred. (ECF 11). Petitioner filed a reply to respondent's answer. (ECF 14).

## II.

### **PETITIONER'S ALLEGATIONS**

Petitioner contends that he is being held in violation of the Constitution and the laws of the United States for the following reasons:

1. Petitioner was denied effective trial counsel because his trial counsel erroneously advised him to plead guilty to an "improper offense" in the

      indictment and did not object to that improper offense, rendering his guilty plea involuntary;

2.    Petitioner was denied effective assistance of counsel because his trial counsel failed to object to the State's closing argument that "improperly commented to the incorrect offense in Count II of the indictment" (ECF 3 at 6); and

3.    Petitioner was denied the effective assistance of appellate counsel because his appellate counsel failed to argue that his trial counsel was ineffective for not objecting to the "stacking" of petitioner's sentences.

### III.

### STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless petitioner shows that the prior adjudication:

1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court

identifies the correct governing legal principle, but unreasonably applies the principle to the facts. *Id.*

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent on the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *See Hill v. Johnson*, 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statute's standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett*, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that section

"2254 (d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 100 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id.* at 102.

Finally, the Supreme Court has also held that review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Perhaps more compelling, the Supreme Court made clear that section 2254(e)(2) – the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record) – has no application when a federal court reviews claims pursuant to section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183-86 (showing that the Supreme Court explicitly rejected the proposition that section 2254(d)(1) has no application when a federal court admits new evidence under section 2254(e)(2)); *see also id.* at 203 n. 20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record…[violated § 2254(d)(1)] our analysis is at an end. We are barred from considering the evidence

Pinholster submitted in the District Court that he contends additionally supports his claim."). The Supreme Court reasoned:

> Today, we … hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id.* at 185. Therefore, this Court must review the reasonableness of the state court determinations under section 2254(d), with reference only to the record before the state court.

Here, petitioner filed a state habeas application challenging the constitutionality of his conviction and sentence alleging many of the same grounds alleged in the instant habeas petition. On June 6, 2018, the TTCA denied petitioner's state habeas application without written order. *In re Johnson*, No. 85,705-02; (ECF 11-1). The ruling of the TTCA constitutes an adjudication of petitioner's claim on the merits. *See Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 1999). Consequently, this Court's review is limited to a determination of whether petitioner has shown the state court's decision that (1) petitioner's trial counsel was not ineffective (and, by extension, that petitioner's plea was knowing and voluntary) because he did not object to the supposedly defective indictment and (2) that petitioner's counsel was not ineffective for failing to object to the State's closing argument that "improperly commented" on Count two of the indictment, was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

## IV.

## **MERITS**

### A.     **Effectiveness of Appellate Counsel**

Petitioner claims that his appellate counsel was ineffective for filing an *Anders* brief instead of arguing that trial counsel was ineffective for failing to object to the improper "stacking" of his sentences. More specifically, petitioner claims that he did not know the potential range of his sentences because the trial court failed to admonish him that it could "stack" his sentences, and his trial counsel should have objected to the sentences on that basis. Had he known his sentences could be stacked, he maintains, he would not have pleaded guilty. The State, however, argues that this claim is unexhausted and should be procedurally barred from consideration on federal habeas review.

Federal statute provides:

>  (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)   there is an absence of available state corrective process; or
>
>         (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant
>
> (2)…
>
> (3)…
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To satisfy the federal exhaustion requirement, a petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir. 1992), *cert denied sub nom*, *Skelton v. Smith*, 506 U.S. 833 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert denied*, 460 U.S. 1056 (1983). Further, to exhaust state remedies, a habeas petitioner must "fairly present[]" the "substance" of his claim to the state courts. *Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). "A federal claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (quoting *Picard*, 404 U.S. at 278). The exhaustion requirement "is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983) (footnote omitted). Thus, a federal habeas court may not "accommodate new factual allegations in support of a previously asserted legal theory," even where "these factual allegations came into existence after the state habeas relief had been denied." *Joyner v. King*, 786 F.3d 1317, 1320 (5th Cir. 1986).

In the State of Texas, the TTCA in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. TEX. CODE CRIM. PROC. ANN. art. 44.45 (2015). Claims may be presented to that court through an application for a writ of habeas

corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.01 et seq. (2016), or on direct appeal by a petition for discretionary review. TEX. R. APP. P. 68.1 (2015).

In his state habeas petition, petitioner did claim that his appellate counsel was constitutionally ineffective, but for different reasons than he asserts here. More specifically, petitioner claimed that his appellate counsel was ineffective for failing to raise an argument that his trial counsel was ineffective for failing to object to an "improper offense" contained in the indictment. (*See* ECF 11-1 at 28). There was no mention of improper sentence stacking or petitioner's trial counsel's failure to object to the same. Thus, the factual predicate for petitioner's ineffective assistance of appellate counsel claim differs from that presented to the TTCA, so petitioner has failed to exhaust it. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) ("The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition.") (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Vela*, 708 F.2d at 958.

When a petitioner has failed to exhaust state court remedies with respect to a claim and the state court to which he would be required to present the unexhausted claim would find the claim procedurally barred, the federal procedural default doctrine precludes federal habeas corpus review of the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *see also Nobles*, 127 F.3d at 423 (unexhausted claim that would be barred by the state abuse of the writ doctrine if raised in a successive state habeas petition was procedurally barred by federal procedural default doctrine). Any attempt by petitioner to present this specific appellate ineffective assistance of counsel claim regarding the stacking of sentences would be dismissed by the TTCA as abusive unless petitioner were able to demonstrate the

statutory equivalent of cause or actual innocence. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (2015).

Before this Court can consider the merits of petitioner's unexhausted and procedurally defaulted claim, he must establish either cause for his default and actual prejudice as a result of the alleged violation of federal law, or he must demonstrate that the Court's failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. A miscarriage in this context requires a showing that petitioner is actually innocent of the offense of which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994). Petitioner has not argued or even attempted to make the requisite showing of cause and prejudice. Petitioner's ineffective assistance of appellate counsel claim should be denied.

### B.     Effectiveness of Trial Counsel

Petitioner asserts two other grounds for habeas relief, both concerning an allegedly improper charge in the indictment, which, he claims, renders his guilty plea involuntary. Specifically, in ground one, petitioner asserts that his guilty plea was not knowing and voluntary because of his counsel's "erroneous advice to plea to an improper offense in count two of the indictment." (ECF 3 at 6). And in count two, he asserts that his trial counsel was ineffective for failing to object to the State's closing argument that commented upon the incorrect charge, as well as advising him to take a plea agreement where the indictment improperly alleged a first degree felony (aggravated assault of a child) and petitioner was actually charged with a second degree felony (indecency with a child by sexual contact). (*Id.*) The Court understands petitioner's claims to be based on the

following statement made by the State during the Motion to Proceed with an adjudication of guilt:

> We're asking the Court to find him guilty on Count 1, which is aggravated sexual assault of a child, and for some reason, Judge, when I look at the indictment, the indictment Count 2 appears to me from all intents and purposes, that should be aggravated sexual assault of a child the way it's alleged. They didn't plead it as a lesser, but in everything that I've seen they have alleged this as indecency with a child by contact, and I do believe that we need to approach Count 2 as though it is, in fact, indecency with a child by contact and not an aggravated sexual assault of a child. Digital penetration of a child under 14 is normally aggravated sexual assault of a child. I'd ask the Court to treat that as though that is indecency with a child by contact. Count 2, Count 3 should be second degree felonies, up to 20 years in the penitentiary and the Court can stack these sentences.

(ECF 11-1 at 50-51). Thus, the argument appears to be that the indictment charged petitioner with a first-degree felony, aggravated sexual assault of a child, but he was charged with a second-degree felony, indecency with a child by sexual contact.

Initially, the Court notes that petitioner plead guilty in this case, and a guilty plea, when voluntary, knowing, and intelligent, involves the waiver of constitutional rights. *Brady v. United States*, 397 U.S. 742, 748 (1970). "It is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). A defective indictment is nonjurisdictional. *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative course of action open to the defendant.'" *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the

nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert denied*, 503 U.S. 988 (1992)). If the record shows that the defendant "understood the charge and its consequences," this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

As Respondent has thoroughly and articulately discussed, the record reflects that petitioner entered a knowing, intelligent, and voluntary plea of guilty to both the aggravated sexual assault of a child charge and the indecency with a child by sexual contact charge. (*See* ECF 11-1 at 30-43; *see also id* at 39-43). And, by denying petitioner's habeas application, the TTCA implicitly concluded that petitioner's plea was voluntary, knowing, and intelligent. *See, e.g., Jackson v. Thaler*, Civil Action No. 4:10-CV-189-Y, 2010 WL 5093144, at *3 (N.D. Tex. Nov. 5, 2010), *rep. and rec. adopted*, 2010 WL 5090960 (N.D. Tex. Dec. 7, 2010) (noting that "[a]lthough the state habeas court did not enter express factual findings regarding the voluntary and knowing nature of Jackson's guilty plea, this court may reject the state court's implicit finding that his plea was freely, knowingly, and voluntarily made only if Jackson rebuts the presumption of correctness given to the state court factual findings 'by clear and convincing standards.'") (further citations omitted).

Petitioner's argument to the contrary is that there was a deviation between the indictment and the offense to which he pleaded guilty. He claims that his counsel was ineffective for failing to object to the defective indictment, which caused petitioner to plead guilty to an offense for which he was not charged, and for failing to object to the State's closing argument that improperly commented on the incorrect offense.

*Strickland v. Washington* governs the ineffective assistance of counsel analysis. 466 U.S. 668, (1984). Such a claim has two components. First, the petitioner must demonstrate that his trial counsel's performance was deficient by showing that it fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Second, the petitioner must show that there is a reasonable probability that he was prejudiced by his attorney's unprofessional errors. *Id.* at 689; *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). In the guilty plea context, "'[p]rejudice occurs if 'there is a reasonable probability that, but for his counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). And in the Section 2254 context, "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105. And it is well settled that a state court's "unreasonable application of [*Strickland*]" – which AEDPA demands – "is different from an incorrect application of [*Strickland*]." *Id.* at 101 (citation omitted).

Turning to petitioner's claims, even assuming a variance, petitioner does not show that, had the second count of the indictment accurately reflected the elements of the indecency with a child by sexual contact charge, he would have insisted on going to trial on this charge. The only evidence he provides of this are his own bare, conclusory allegations. But "bare, conclusory allegations unsupported by other indicia of reliability in the record fall short of the *Strickland* requirements for determining ineffective assistance of counsel and this claim, therefore, is without merit." *Sanchez v. Director, TDCJ-CID*,

Civil Action No. 5:09-CV-113, 2011 WL 6968481, at *6 (E.D. Tex. Nov. 18, 2011) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n.2 (5th Cir. 1983)).

Indeed, the trial court's plea colloquy with petitioner proceeded as if the second charge was indecency with a child by sexual contact. *See* (ECF 11-1 at 30-37). And petitioner indicated that he understood the charge and the potential range of punishment for it. In sum, petitioner has failed to show that the TTCA implicit factual finding that his plea was knowing and voluntary was clearly wrong, or that the TTCA unreasonably applied *Strickland* in rejecting his ineffective assistance of counsel claims.

## V.

## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed October 24, 2018 (ECF 11), it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner **DANIEL MARTEZ JOHNSON** be **DENIED**.

## VI.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 7, 2021.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).